

U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
405 East 8th Avenue, Suite 2400          (541)465-6771
Eugene, Oregon 97401               Fax: (541) 465-63147

November 19, 2013

Bryan Lessley
Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, OR 97401

    Re:    *United States v. Bryan Gruetter*
           Preindictment Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**: Defendant agrees to plead guilty to Count One of the information, alleging conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Additionally, defendant agrees to knowingly waive his right to an indictment on the charge and allegations contained in the information.

3.     **Penalties**: The maximum sentence for Count One is 20 years' imprisonment, a $250,000 fine, three years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or to explain to the Court why this cannot be done.

4.     **Conduct**: Defendant agrees the following facts are true, can be proved beyond a reasonable doubt, and are sufficient to support defendant's guilty plea to Count One of the information:

> Beginning in or about January 2008 and continuing through January 2012, in the District of Oregon and elsewhere, defendant and others, known and unknown, knowingly and willfully conspired, combined, confederated, and agreed together and with each other to commit wire fraud in violation of 18 U.S.C. § 1343.

> It was part of the manner and means and scheme to defraud that defendant and others knowingly diverted more than $1.1 million in client settlement funds via interstate wire transfers. The illegally

        diverted money was the clients' portion of settlements defendant
secured on his clients' behalf. Defendant and others used the
clients' money to pay for personal and business expenses rather than
to pay the clients or to pay the clients' medical, insurance, or other
associated costs as promised. In violation of 18 U.S.C. § 1349.

5. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this fraud investigation, known to the USAO at the time of this agreement.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that the loss caused by defendant's illegal conduct, including relevant conduct pursuant to U.S.S.G. §§ 1B1.3 and 2B1.1, is approximately $1.1 million.

8. **Restitution**: Pursuant to 18 U.S.C. § 3663A, defendant agrees to pay $1,144,487.97 in restitution.

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10. **Mid Range Recommendation**: The USAO will recommend the mid range of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

11. **Additional Departures, Adjustments, or Variances**: The parties agree that:

    a.    Pursuant to U.S.S.G. § 2B1.1(a)(1) defendant's base offense level is 7;

    b.    Pursuant to U.S.S.G. § 2B1.1(b)(1)(I), because the loss exceeded $1 million but was less than $2.5 million, a 16-level increase applies;

    c.    Pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), because the offense involved more than 10 victims, a 2-level increase is warranted; and

d.  Pursuant to U.S.S.G. § 3B1.3, because defendant abused a position of trust, a 2-level increase is warranted.

12.  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions. Defendant reserves the right to argue for any sentence defendant feels appropriate under the factors set forth in 18 U.S.C. § 3553, and the USAO reserves the right to oppose any sentence defendant argues for under 18 U.S.C. § 3553. Defendant further agrees that defendant will provide the government with notice of: (1) the factual basis for any such sentence; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

13.  **Financial Statement**: Defendant agrees to truthfully complete a financial statement form provided by the United States Attorney's Office, Financial Litigation Unit. Defendant shall date said form and sign it under penalty of perjury, thereby acknowledging that defendant's financial statement fully and completely discloses defendant's financial condition, and fully and completely discloses all assets owned or held directly or indirectly, individually or jointly by defendant, or in which defendant has any legal interest, regardless of title, including any interest held or owned under any other name, including trusts, partnerships or corporations, as of the date the financial statement is signed.

Defendant shall update the financial statement with any material changes to the defendant's financial condition. Defendant shall provide his signed and dated financial statement within 30 days of defendant's signature on this plea agreement and any updates within seven days of the event changing defendant's financial condition.

Defendant understands and agrees that defendant's financial statement will be used for the collection of any fine or restitution ordered by the Court, and for the identification of property subject to forfeiture. The parties agree that defendant's failure to timely and accurately complete and sign a financial statement, and any update thereto may, in addition to any other penalty or remedy authorized by law, constitute defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

14.  **Transfer of Assets**: Financial disclosures by defendant shall also identify all assets held individually or jointly, directly or indirectly, valued at more than $1,000 which have been transferred to third parties since the date which is 60 days prior to the date of indictment or information, including the location of the assets and the identity of the third parties holding such

assets, including third party trusts, partnerships and/or corporations. For transfers in excess of $50,000, defendant agrees to identify all such transfers of assets held individually or jointly, directly or indirectly, which have occurred since the date which is one year prior to the date of indictment or information.

Defendant agrees that defendant will notify the Financial Litigation Unit of the United States Attorney's Office before defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any other name, including trusts, partnerships and/or corporations.

15. **Restitution Delineated**: Defendant understands that the Court must, as provided by 18 U.S.C. §§ 3663A and 3664, order restitution to each victim in the full amount of each victim's losses as determined by the Court, and without consideration of the economic circumstances of the defendant. The full amount of each victim's losses may not be ascertainable until after completion of the pre-sentence report and/or sentence hearing. Defendant understands and agrees that the Court will order defendant to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the indictment or information dealing with such losses will be dismissed as part of this plea agreement.

16. **Examination and Credit Reports**: Defendant expressly authorizes the Financial Litigation Unit of the United States Attorney's Office to obtain credit reports as the Unit, in its discretion deems necessary, on defendant to verify the validity to the financial information provided. Such authorization shall be effective on the date this agreement is signed by defendant. Additionally, the defendant agrees to submit to examination under oath, and/or a polygraph examination by an examiner selected by the U.S. Attorney's office, on the issue of the defendants financial disclosures and assets.

17. **Waivers and Releases**: Upon filing of this plea agreement, defendant agrees to provide to the United States Attorney's office signed privacy waivers, consents and releases allowing the Financial Litigation Unit of the United States Attorney's Office access to any and all records to include but not limited to income tax returns and tax records, bank accounts, credit cards, insurance and all investment or retirement accounts.

18. **Probation and Pretrial Services Information**: By this agreement, defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information provided by the defendant to the United States Probation Office, and United States Pretrial Services, including any financial affidavit or financial statement completed by defendant.

19. **Life of Agreement**: Defendant understands and agrees that the financial reporting obligation agreed to herein will be in effect through any period of probation or supervised release, and shall continue until such time as any fine or restitution ordered by the Court is paid in full.

20.     **No Limitation on Collections**:   Defendant agrees that if the Court imposes a schedule of payments, defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

21.     **Waiver of Appeal/Post-Conviction Relief**:   So long as the Court does not sentence defendant to a term of incarceration which exceeds the statutory maximum, he agrees to waive all rights he would otherwise have to appeal his convictions or sentence on any ground whatsoever. Defendant also agrees not to file a habeas petition under 28 U.S.C. § 2255, or any other similar post conviction petition or motion, on any ground, except for ineffective assistance of counsel or retroactive amendments to the Guidelines.   Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.

22.     **Court Not Bound**:   The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.   Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

23.     **Full Disclosure/Reservation of Rights**:   The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.   Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

24.     **Breach of Plea Agreement**:   If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

25.     **Memorialization of Agreement**:   No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.   If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

//

//

//

//

//

//

26.  **Deadline**: The USAO may revoke this plea at any time prior to entry of defendant's guilty plea, and it expires if not accepted by November 25, 2013, at 12 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

SCOTT E. BRADFORD
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12/9/13
Date

Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12/9/2013
Date

Attorney for Defendant